IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRILL W. SANDERS, as           )
Administrator of the Estate of Mary·    )
Stephanie Bryant, deceased,      )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    CIVIL ACTION NO. 98-G-0646-S
                                 )
THE BRADFORD GROUP, INC., d/b/a )
BRADFORD HEALTH SERVICES, an )
Alabama corporation,             )
                                 )
         Defendant.              )

**ENTERED**

**JUL 2 9 1999**

## MEMORANDUM OPINION

This cause is before the court upon plaintiff's " Motion to Quash and

for Protective Order, And/or for Limitation of Depositions," [Doc. # 131] and

defendant's "Motion for Limited Extension of the Discovery Deadline."

[Doc. # 130]  Having considered the motions the court is of the opinion that

plaintiff's motion to quash and for a protective order is due to be granted as to

Heather Anthony, and granted in part as to Shannon Pardue and Stacy Gams.  The

court's order of June 17, 1999, was clear; only follow-up discovery relating to

Marcia Bryant's deposition would be allowed.  The plaintiff's letter of July 21,

1999, asked defendant to identify the basis for its contention that the depositions

132

of these three individuals were authorized by the court's order of June 17, 1999.
The defendant responded by letter to plaintiff's counsel dated July 22, 1999.[1]

As to Heather Anthony, the defendant's letter of July 22, 1999, to
plaintiff's counsel does not mention anything raised by the deposition of Marcia
Bryant that would warrant the deposition of Heather Anthony. Therefore, the
deposition subpoena of Heather Anthony is due to be quashed.

Concerning Shannon Pardue, the defendant's letter only mentions the
alleged representation by Bradford to Shannon Pardue that they were in the
process of detoxing Ms. Bryant prior to her death. Therefore, the deposition of
Shannon Pardue will be limited to issues directly related to the alleged
representation by Bradford to Shannon Pardue that they were in the process of
detoxing Ms. Bryant prior to her death. The defendant had ample notice prior to
the close of discovery that Shannon Pardue might possess other discoverable
information. A protective order limiting the scope of the deposition of Shannon
Pardue to these issues will be entered.

As to Stacy Gams, the court will limit the deposition to only those
issues relating to the tape recordings identified by the defendant as new evidence
described in Marcia Bryant's deposition. The defendant's letter only mentions the

---

[1] These letters are attached as exhibits to the plaintiff's motion.

2

existence of ten tapes of phone conversations as information revealed for the first time by the deposition of Marcia Bryant.  Therefore, the court will enter a protective order limiting the deposition of Stacy Gams only to issues involving these ten tape recordings.  The parties might wish to consider taking Ms. Gams's deposition by telephone.

The court will extend he discovery deadline to August 15, 1999, for the taking of the depositions of Shannon Pardue and Stacy Gams as limited above.

DONE this 29th day of July 1999.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

3