FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 AUG -2 PM 4:12

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

AUG - 2 1999

| | |
|---|---|
| TERRILL W. SANDERS, as Administrator of the Estate of Mary Stephanie Bryant, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>THE BRADFORD GROUP, INC., d/b/a BRADFORD HEALTH SERVICES, an Alabama corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 98-G-0646-S<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This cause is before the court upon the defendant's motion for reconsideration [Doc. # 137]. The court has considered the motion and defendant's opposition to plaintiff's motion to quash.

As to Shannon Pardue, the court will not change its previous ruling. Defendant in its opposition states the following:

> It is the anticipated testimony of one or more Bradford employees that they discouraged Ms. Bryant from leaving the facility with Mr. Pardue, a known abuser. The extent of that abuse is discoverable to determine whether Bradford's advice to her was well-founded.



This clearly demonstrates that Bradford should have been on notice of this issue prior to the deposition of Marcia Bryant.[1] Additionally, Bradford did not mention this issue in its letter of July 22, 1999.

As to Stacy Gams, defendant's opposition asserts that it learned for the first time at the deposition of Marcia Bryant that Stacy Gams had a number of conversations with Stephanie Bryant concerning the physical abuse she might have suffered at the hands of Jeff Salter and that Ms. Gams might have spoken to Stephanie Bryant on the day of her death. Although defendant did not specifically indicate these two areas of inquiry in its letter to plaintiff, it did mention that Marcia Bryant had "testified concerning conversations that occurred with these individuals [Mr. Pardue and Ms. Gams], the substance and/or existence of which were not previously known to Bradford." The court will modify its previous order to allow inquiry into conversations Stephanie Bryant might have had with Stacy Gams about physical abuse by Jeff Salter and into any conversation between Ms. Gams and Stephanie Bryant on the day of her death.

---

[1] Bradford seems to have forgotten that the court's order extending discovery limited it to "follow-up" discovery. Surely Bradford should have known very early in the litigation that these three individuals might posses discoverable information, as they were Stephanie Bryant's sisters and former husband. For this reason, the court is of the opinion that "follow-up discovery" should be very narrowly construed as to these three individuals.

The court will not reconsider its ruling as to Heather Anthony. In its opposition, Bradford suggests that it learned from Marcia Bryant's deposition of knowledge by Ms. Anthony concerning the discovery of broken glass from a picture frame and blood found in the Marcia Bryant's home on the evening of Stephanie Bryant's death. It asserts without further explanation that "[f]urther discovery relating to this testimony including the identity of the photograph is relevant to the possible cause of Mary Stephanie Bryant's death." A review of the deposition testimony of Marcia Bryant attached to Bradford's opposition suggests that Bradford was aware prior to the deposition of blood being found in the home of Marcia Bryant on the day of Stephanie Bryant's death. Bradford's questioning on this subject begins with the following question: "Have you heard anything about blood being found in your home on the day of her death?" As was previously noted by the court, Bradford made no mention of any area of inquiry necessitated by the deposition of Marcia Bryant in its letter to plaintiff, even though plaintiff's letter requested Bradford to "identify the basis of your contention that these [referring to the depositions of Pardue, Gams and Anthony] depositions fall within the order of the court providing a limited extension for discovery related to Marcia's deposition, particularly as to Stacy Gams and Shannon Pardue." Plaintiff clearly requested the basis as to all three individuals,

3

while asking in particular as to Gams and Pardue. Although the court does not consider the defendant's failure to respond as to Anthony a waiver, it does view such omission as important. For these reasons, the court will not reconsider its ruling with respect to Heather Anthony.

An appropriate order will be entered contemporaneously herewith.

DONE this 2nd day of August 1999.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.