FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 DEC -8 AM 10: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TERRILL W. SANDERS, as Administrator )<br>of the Estate of Mary Stephanie Bryant, )<br>deceased, ) | **ENTERED**<br>DEC 0 8 1999 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 98-G-0646-S |
| ) | |
| THE BRADFORD GROUP, INC., d/b/a ) | |
| BRADFORD HEALTH SERVICES, an ) | |
| Alabama corporation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This cause is before the court upon the motion of plaintiff to amend

judgment, to reconsider and to supplement. [Doc. # 184] Having considered the motion,

which contains extensive argument, the court is of the opinion that it is due to be denied.

The court notes that federal practice governs motions for summary judgment in the

federal courts. The plaintiff's argument concerning the requirement under Alabama

summary judgment procedure that the defendant must make out a prima facie case before

the plaintiff is required to present evidence supporting his claim is inapposite. Federal

summary judgment procedure requires the nonmovant to establish a genuine issue of fact

as to each essential element of his claim regardless of whether the motion for summary

judgment is supported by evidentiary submissions.  See, Celotex Corp. v. Catrett, 477

U.S. 317, 91 L. Ed. 2d 265, 274 (1986)( "[R]egardless of whether the moving party

accompanies its summary judgment motion with affidavits, the motion may, and should,

be granted so long as whatever is before the district court demonstrates that the standard

for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.")  However,

issues concerning the type of evidence necessary to support a jury verdict (in this case the

requirement that expert testimony support the plaintiff's malpractice claim) and the

burden of persuasion (in this case the requirement that the plaintiff show that Ms.

Bryant's death was "probably" caused by the alleged malpractice) are matters of state

substantive law.  In addition, it is a matter of Alabama substantive law that in malpractice

actions the causation testimony must have "selective application."

In Allison v. McGhan Medical Corp., 184 F.3d 1300 (11th Cir. 1999), the

court addressed the interplay between state substantive law and expert testimony in a

federal diversity action.  As that court noted:  "Proffered expert testimony must meet the

legal as well as the substantive issues of the case."  184 F.3d at 1320.  The court observed

that under Georgia law "medical testimony as to the possibility of a causal relation

between a given [negligent act] and the subsequent [injuries alleged to have been caused

by the negligence] is not sufficient, standing alone, to establish such relation."  184 F.3d

at 1320 (alterations in original).  The court also noted that under Georgia law "medical

expert testimony was essential to prove causation in this case."  184 F.3d at 1320.

2

Having set forth these substantive state law requirements (which are analogous to those

required in malpractice actions under Alabama law) the court concluded that the proffered

testimony from the sole causation expert was insufficient to establish causation under

Georgia law. The court, therefore, held the evidence would not be helpful under Rule 702

of the Federal Rules of Evidence. 184 F.3d at 1320.

The court will not consider the supplemental expert evidence submitted by

the plaintiff. To allow plaintiff's expert to change his report in response to this court's

ruling would call into question the scientific basis underlying his findings. The Ninth

Circuit has recognized the danger in allowing an expert witness to revise his substantive

conclusions to meet the legal contingencies of the case.

> Unlike these experts' explanation of their methodology, this is not a
> shortcoming that could be corrected on remand; plaintiffs' experts could
> augment their affidavits with independent proof that their methods were
> sound, but to augment the substantive testimony as to causation would
> require the experts to change their conclusions altogether. Any such
> tailoring of the experts' conclusions would, at this stage of the proceedings,
> fatally undermine any attempt to show that these findings were "derived by
> the scientific method."

Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1322 (9th Cir. 1995).[1]

Similar to the instant case, the plaintiffs' in Daubert had introduced expert evidence from

---

[1] This is the Ninth Circuit decision following remand from the Supreme Court in
the noteworthy case of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 113
S. Ct. 2786, 125 L. Ed.2d 469 (1993).

3

which "the strongest inference to be drawn . . . is that Bendectin[2] could <u>possibly</u>, have

caused plaintiffs' injuries." <u>Daubert</u> 43 F.3d at 1322. Just as in <u>Daubert</u>, the expert

evidence in the present case fails to support a finding that any alleged breach by the

defendant of its standard of care caused the Ms. Bryant's death. Although this court in its

prior opinion did not hold the expert evidence inadmissible under Rule 702, upon review

of the applicable legal standards it is clear that as to the issue of causation, the proffered

expert testimony fails to satisfy the second prong of Rule 702 and should be excluded.

<u>See</u> <u>Daubert</u>, 43 F.3d at 1322 (holding likewise in a perfectly analogous situation).

In the instant case, the proffered expert testimony would be insufficient to

create a jury question on the issue of causation even if it were admissible. Therefore,

whether couched in terms of excluding that testimony under Rule 702 or in terms of

finding that evidence insufficient to create a genuine issue for trial, the result is the

same—the plaintiff has totally failed to create a jury question on the issue of causation.

The plaintiff has questioned the court's conclusion that Bradford is a

"hospital" within the meaning of the Alabama Medical Liability Acts. Section

22-21-20(1) defines hospital in pertinent part as follows:

> General and specialized hospitals, including ancillary services; independent
> clinical laboratories; <u>rehabilitation centers</u> . . . and other related health care
> institutions when such institution is primarily engaged in offering to the

---

[2] The plaintiffs had alleged that the use of the drug Bendectin by their mothers had
caused their birth defects.

4

public generally, facilities and services for the diagnosis and/ or treatment of injury, deformity, disease, surgical or obstetrical care.

Ala. Code § 22-21-20(1)(emphasis added). Clearly Bradford is included within this definition. It clearly is a rehabilitation center and it clearly provides treatment for substance abuse, which clearly is a disease.

The court reiterates its holding that the AMLA applies to all of plaintiff's claims. No mater how plaintiff tries to couch his claims, they all relate to Bradfords actions or inactions incident to its delivery or failure to deliver medical services to Ms. Bryant. If plaintiff were to prevail on his argument that the AMLA does not apply to this case, the AMLA would be meaningless.

The court does not feel the remainder of plaintiff's contentions are worthy of comment. For the above reasons, the plaintiff's motion is due to be denied. However, upon reflection, the court deems it appropriate to amend its prior order to make it clear that plaintiff's expert evidence must be excluded under Rule 702 of the Federal Rules of Evidence. An appropriate order will be entered contemporaneously herewith.

DONE this 7th day of December 1999.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

5